Maria Eva **SANCHEZ–MARTINEZ,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General,** Respondent.

No. 04–76009.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Maria Eva Sanchez–Martinez, Fallbrook, CA, pro se.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before ALARCÓN, HALL and PAEZ, Circuit Judges.

MEMORANDUM **

Maria Eva Sanchez–Martinez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") deci-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny in part, dismiss in part the petition for review.

Sanchez–Martinez waived any challenge to the IJ's determination that she failed to establish eligibility for cancellation of removal, by not addressing that conclusion in her opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

Sanchez–Martinez's contention that Congress failed to comport with equal protection when it repealed suspension of deportation and replaced it with cancellation of removal as the available form of relief for aliens who were placed in removal proceedings on or after April 1, 1997 is unavailing. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003); *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–65 (9th Cir.2002).

To the extent Sanchez–Martinez challenges the agency's decision to commence removal rather than deportation proceedings against her, we are without jurisdiction to review that decision. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002) (noting this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).